# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JACKIE JAMES BRADY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )  1:18CV933 |
| v. | ) |
| | ) |
| DENNIS E. MECUM, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent filed an answer (Docket Entry 3), a motion for summary judgment (Docket Entry 4), and a supporting brief (Docket Entry 5). Petitioner filed a response (Docket Entry 10), a motion to appoint counsel (Docket Entry 8), and an application to proceed in forma pauperis in support thereof (Docket Entry 9). This matter is now ready for a ruling.

## Background

In 2015, Petitioner pled guilty in state court to possession with the intent to sell or deliver cocaine in July of 2011, having attained habitual offender status, and was sentenced to 87-114 months of imprisonment. (Docket Entry 5, Ex. 2 at pdf pages 26-34.) On April 19, 2016, the North Carolina Court of Appeals affirmed the trial court's denial of Petitioner's

motion to suppress, dismissed Petitioner's claim for ineffective assistance of counsel, and remanded to correct a clerical error in the judgment. *State v. Brady*, 247 N.C. App. 246 (2016).

What happened at this point is unclear. Although the Clerk denies receiving it, Petitioner asserts that on June 29, 2016, he mailed a motion for appropriate relief ("MAR") to the Superior Court of Randolph County. (Docket Entry 10 at 27 and Ex. 3.) In any event, it is undisputed that thereafter on or about November 10, 2016, Petitioner filed what he entitled a supplemental MAR in the Superior Court of Randolph County, which was denied on November 21, 2016. (Docket Entry 5, Exs. 6-7.) The same day, Petitioner also filed a MAR in the Superior Court of Randolph County—back-dated to June 29, 2016—contending, in pertinent part, that his counsel was ineffective for failing to argue at a suppression hearing that the information contained in a state probable cause affidavit was unconstitutionally stale. (Docket Entry 10, Ex. 4.) None of the orders issued by the Superior Court of Randolph County in this case clearly addresses or disposes of this MAR and so it appears to remain pending. (*Id.*) Petitioner then filed a MAR in the Superior Court of Randolph County on or about April 4, 2017,[1] which the trial court referred to as a second supplemental MAR, and which it denied on June 2, 2017. (Docket Entry 5, Exs. 8, 13.) Petitioner then filed a MAR on July 5, 2018 in the Superior Court of Randolph County, which was denied on July 20, 2018. (*Id.*, Exs. 9-10.)

---

[1] In a certiorari petition, Petitioner asserts this second supplemental MAR was submitted on April 4, 2017. (Docket Entry 5, Ex. 13 at 2.) The second supplemental MAR is attached as an exhibit to this certiorari petition and appears essentially identical to what Petitioner asserts is his purported June 2016 MAR. (*Compare id.* at pdf pages 9-17 with Docket Entry 10, Ex. 4.)

On August 1, 2018, Petitioner filed a certiorari petition in the North Carolina Court of Appeals, which was denied on August 3, 2018. (*Id.,* Exs. 11-12.) On August 16, 2018, Petitioner filed second and third certiorari petitions in the North Carolina Court of Appeals, which were denied on August 20, 2018. (*Id.*, Exs. 13-14; Docket Entry 1 at 53-54.) Petitioner filed the instant petition with this Court on November 6, 2018. (Docket Entry 1.)

## **Petitioner's Grounds**

Petitioner contends that counsel was constitutionally ineffective for (1) not arguing that the information in a probable cause affidavit was stale, and (2) for failing to object to the state's error in reclassifying his prior sale and delivery of cocaine convictions from Class H felonies to Glass G felonies. (Docket Entry 1, Grounds One and Two, pdf pages 21-30.)

## **Discussion**

Respondent first argues that the Petition is time-barred under 28 U.S.C. § 2244(d). (Docket Entry 5 at 7-14.) Respondent's arguments concerning the timeliness of the Petition involve a number of complicated issues. The other grounds set out in Respondent's summary judgment brief present no such difficulties. Moreover, the limitation period in § 2244(d) is not jurisdictional, so the Court need not consider it before proceeding to other arguments. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). Given all of these circumstances, the Court will not address the time bar issue further, but instead will analyze Respondent's other summary judgment arguments.

## **Ground One**

Prior to Petitioner's guilty plea, counsel filed a motion to suppress and argued at the subsequent hearing that a probable cause affidavit was insufficiently reliable because the

3

information supplied by a confidential informant was itself unreliable. (Docket Entry 5, Ex. 5 at 4-7.) The state court denied the motion. (*Id.* at 19.) On appeal, Petitioner raised an alternate theory, contending that trial counsel was constitutionally ineffective in failing to argue that the information in the probable cause affidavit was stale. (Docket Entry 5, Ex. 3.) The North Carolina Court of Appeals declined to reach the merits of this claim and "dismissed [it] without prejudice to [Petitioner's] right to assert it in a subsequently filed motion for appropriate relief." *See Brady*, 247 N.C. App. at 246. Petitioner now contends to this Court that counsel was constitutionally ineffective for failing to argue at the suppression hearing that the information in the probable cause affidavit supporting the search warrant of his residence was stale—rather than unreliable—and therefore could not establish probable cause to justify a search of that residence. (Docket Entry 1 at pdf pages 21-25.) As explained below, the Court finds this argument unpersuasive.

     As an initial matter, the Court notes that it applies a de novo standard in reviewing Petitioner's first ground because it appears unexhausted. More specifically, Petitioner raised this ineffective assistance of counsel claim in his November 10, 2016 MAR filing, which appears to remain pending. (Docket Entry 10, Ex. 4.) Petitioner raised this ground again, along with a second unrelated ground, in his April 4, 2017 MAR. (Docket Entry 5, Ex. 6 at 12-20.) In denying that MAR, the trial court made no mention of either ground and instead addressed a ground not contained in that pleading. (*Id.*, Ex. 8.) Nevertheless, given that Plaintiff's claim lacks merit even under a de novo standard of review, the Court—in the interest of judicial efficiency—will dispose of it herein. *See* 28 U.S.C. § 2254(b)(2) ("An

4

application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

To prove ineffective assistance of counsel generally, a petitioner must establish: (1) that his attorney's performance fell below a reasonable standard for defense attorneys, and (2) that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). With respect to the first prong, the petitioner bears the burden of affirmatively showing that his counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 688-89; *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). With respect to the second prong, the petitioner must show that prejudice resulted from the deficient performance, that is, that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." *Spencer*, 18 F.3d at 233 (citing *Strickland*, 466 U.S. at 694).

The Supreme Court has explained that: "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). For a warrant to issue, the facts must be "so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *United States v. McCall*, 740 F.2d 1331, 1335–36 (4th Cir. 1984) (quoting *Sgro v. United States*, 287 U.S. 206, 210-11 (1932)). Whether probable cause

5

is lacking because the supporting information is stale must be determined by the circumstances of each case, not by pat formulas or quantification of the days. 740 F.2d at 1336. In examining the circumstances of a case, courts must look to the nature of the unlawful activity alleged, the length of the activity, and the nature of the property seized. *Id.* Probable cause can be found notwithstanding substantial gaps between the observation of the evidence and the issuance of the warrant. *See id.* It is well-established that a suspect's criminal history may also be relevant in assessing probable cause.[2]

On July 19, 2011, Detective Sapp applied for, obtained, and executed a probable cause affidavit/search warrant to search Petitioner's residence. (Docket Ex. 5, Ex. 2, pdf pages 5-12.) In pertinent part, the information sworn to by the officer was as follows:

> Within the past fourteen days Sgt. Beal of the Randolph County Sherriff's Office received information from an anonymous complainant that Jackie Brady was selling crack cocaine from Tyrie Alston's former residence on King Rd. in Ramseur. The complainant stated that Mr. Brady was living at the residence with a white female named Stacy. Sgt. Beal contacted Det. Sapp with this information and from prior experience Det. Sapp was familiar with the fact that Tyrie Alston's former residence was located at 407 King Rd. Ramseur. Det. Sapp was also familiar with Jackie Brady and is aware from prior searches that he is a known crack cocaine dealer.
>
> On 7/11/2011 Det. Sapp of the Randolph County Sherriff's Office interviewed a confidential and reliable source (CRS) who stated that within the last ten days he/she had been

---

[2] *See United States v. Crowffey*, 182 F. App'x 249, 250 (4th Cir. 2006) (noting that individual's "extensive criminal history" as detailed by affidavit was relevant in assessing the vitality of probable cause); *United States v. Grossman*, 400 F.3d 212, 218 (4th Cir. 2005) (listing a suspect's criminal history as a relevant factor in the probable cause determination); *State v. Sinapi*, 359 N.C. 394, 399-400 (2005) (recognizing a defendant's "drug-related criminal history" recited in an officer's affidavit as relevant to finding probable cause to issue a warrant to search the defendant's residence for evidence of drug crimes); *United States v. Hodges*, No. CR 3:17-00184, 2018 WL 934616, at *5 (S.D.W.Va. Feb. 16, 2018) ("[A] history of drug convictions indicates an increased likelihood that officers would find evidence of illicit drug activity.").

to a residence on King Rd. Ramseur and had seen Jackie Brady in possession of cocaine. The CRS also pointed out the residence of 407 King Rd. Ramseur as being the residence where he/she had seen Jackie Brady in possession of the cocaine. Upon being interviewed further the CRS stated that Jackie Brady was living at the residence with a white female known as Stacey. From prior encounters with Jackie Brady Det. Sapp is familiar that he had a relationship with a white female named Stacey Schuiteman prior to being incarcerated. Det. Sapp obtained a photo of Jackie James Brady and Stacey Schuiteman and showed them to the CRS. The CRS identified the photo of Jackie James Brady as being the person he/she had seen in possession of cocaine at the residence of 407 King Rd. Ramseur. The CRS also identified that photo of Stacy Schuiteman as being the white female who lived at the residence with Jackie Brady.

Det. Sapp contacted Det. Williams and Capt. Lewallen of the Ramseur Police Department and showed them a photograph of Jackie Brady and they both confirmed seeing Jackie Brady at the residence of 407 King Rd. on more than one occasion.

The reliability of the informant is based on the following facts: The informant has named places where drugs are sold and also named people as being drug dealers. These people and places are familiar to the applicant as people and places where drugs are bought and sold as well as people who sell drugs. The informant has made previous buys and has followed the instructions that the applicant has given and has never deviated from them. The informant wishes to remain anonymous for fear of physical reprisal so that he/she can continue to provide information to the Randolph County Sheriff's Office.

(Docket Entry 5, Ex. 2 at pdf page 8.)

The probable cause affidavit next indicates that Detective Sapp ran Petitioner's criminal history on July 18, 2011. (*Id.* at 9.) It then lists Plaintiff's prior arrests and drug convictions in bullet point form. (*Id.* at 9-10.) In summary, Petitioner was either arrested for or convicted of cocaine related offenses ranging from possession of cocaine to manufacturing cocaine approximately forty times over roughly two decades. (*Id.*) Many of those incidents involved

7

the intent to sell and deliver or the actual sale and delivery of cocaine. (*Id.*) The search warrant also lists among the items to be seized were: cocaine, currency, drug paraphernalia, packaging material used for distribution of controlled substances, and items used to record drug transactions (*i.e.*, videos, cell phones, ledgers, book records, etc.). (*Id.* at 6.)

Here, the Court concludes that it was not professionally unreasonable for trial counsel to omit from his motion to suppress, as an alternative basis for relief, a challenge to the search warrant/probable cause affidavit on staleness grounds. To begin, Petitioner has not pointed to, nor has the Court found, precedent that would have led a reasonable counsel to believe that, under these circumstances, a staleness argument had a meaningful chance of success.

Additionally, as detailed above, Petitioner has a remarkably extensive criminal history demonstrating decades of involvement with cocaine in one capacity or another and he was also a known crack cocaine dealer. Beyond this, a confidential informant observed Petitioner with cocaine on an unspecified date between July 1 and July 11 of 2011. An anonymous complainant also identified Petitioner as selling crack cocaine on an unspecified date between July 5 and July 18, 2011.

Thus, in contemplating how to frame a suppression motion, counsel was faced with a defendant with an extensive history of arrests involving cocaine, numerous convictions involving cocaine, and evidence of drug dealing involving cocaine within (at most) eighteen days prior to the July 19, 2011 execution of a search warrant seeking cocaine. All this supported the commonsense conclusion that there was a fair probability that officers would find evidence of illicit drug activity involving cocaine. In light of these facts, it was not objectively unreasonable for counsel to forgo a staleness challenge and focus instead on

8

Case 1:18-cv-00933-LCB-JLW Document 12 Filed 06/03/19 Page 8 of 12

attacking the confidential informant's credibility. Nor was Petitioner prejudiced by such a tactic, given that—for the same reasons set forth above—there was not a reasonable probability that a staleness challenge would have been successful. Petitioner's first ground for relief fails under a de novo standard of review and should be denied.

### Ground Two

Petitioner next asserts ineffective assistance of counsel at sentencing because his lawyer failed to object to the state's purported error in reclassifying his prior sale and delivery of cocaine convictions from Class H to Glass G felonies. (Docket Entry 1 at pdf pages 27-28.) As explained in greater detail below, this argument also lacks merit.

Where, as here, a state trial court adjudicated a petitioner's claims on their merits, this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to such claims. That statute precludes habeas relief in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. "Unreasonable" does not mean

9

Case 1:18-cv-00933-LCB-JLW   Document 12   Filed 06/03/19   Page 9 of 12

just "incorrect" or "erroneous" and the Court must judge the reasonableness from an objective standpoint. *Id.* at 409-11. State court factual findings are presumptively correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Before imposing a sentence for a felony conviction, a North Carolina trial court must determine the defendant's prior record level, N.C. Gen. Stat. § 15A-1340.13(b) (2012), which is calculated by adding together the points assigned to each of the defendant's qualifying prior convictions, N.C. Gen. Stat. § 15A-1340.14(a) (2014). Points are assessed based upon the classification of the prior offense, and "the classification of a prior offense is the classification assigned to that offense at the time the offense for which the offender is being sentenced is committed[,]" N.C. Gen. Stat. § 15A-1340.14(c) (2014), rather than at the time the prior offense was committed. Consequently, Petitioner's 1990 and 1992 convictions for the sale and deliver of cocaine were required under North Carolina law to be calculated according to their assigned classification as of July 2011, the date of the commission of Petitioner's current offenses of the possession with intent to sell or deliver cocaine as a habitual offender.

More specifically, Petitioner admits that he was convicted of two prior counts to "sell and deliver" cocaine and his prior record level worksheet shows these same two prior convictions for the sale and delivery of cocaine, plus one more. (Docket Entry 1 at pdf page 28; Docket Entry 5, Ex. 9 at pdf pages 32-33.) Under North Carolina law, the sale of cocaine is currently a Class G felony and was also a Class G felony when Petitioner committed his July 2011 offenses. *North Carolina v. Arrington*, 819 S.E.2d 329, 335 (N.C. 2018) ("[S]elling cocaine constitutes a Class G felony . . . ."); *North Carolina v. Thomas*, 246 N.C. App. 517 (2016) (explaining that "selling cocaine" is "a class G felony"); *North Carolina v. Mack*, 188 N.C. App.

10

365, 381 (2008) (same); *see also* N.C.G.S. 90-95(b)(1) (2011) (declaring that sale of schedule I and II controlled substance shall be punished as a Class G felony); N.C. Gen. Stat. § 90–90(1)(d) (2011) (listing cocaine as a Schedule II controlled substance).

In addition, Petitioner's citation to his North Carolina Department of Public Safety computer print-out sentencing summary to show that his prior convictions for sale and delivery of cocaine were Class H felonies, is misplaced. (Docket Entry 1 at pdf pages 28-30; Docket Entry 5, Ex. 9 at pdf pages 35-42.) This computer print-out summary appears to show that some of the prior sale and delivery convictions were consolidated together with other principal offenses that were Class H felonies, for purposes of sentencing. *Id.* The computer print-out does not establish that convictions for sale and delivery of cocaine are Class H felonies. Furthermore, and in any event, the computer print-out summaries cannot overrule North Carolina law. Petitioner's second ground for relief fails and should therefore be denied.

### **Motion to Appoint Counsel and Application to Proceed In Forma Pauperis**

Petitioner has also moved for the appointment of an attorney and, in support, has filed an application to proceed in forma pauperis. (Docket Entries 8-9.) There is no constitutional right to appointed counsel in a habeas case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995). Under 28 U.S.C. § 2255 and 18 U.S.C. § 3006A, the Court, in its discretion, may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Appointment of counsel is also required if discovery is otherwise authorized and counsel is needed for effective discovery or where an evidentiary hearing is to be held. *See* Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings.

Here, the matters cited by Petitioner in his pleadings reflect conditions faced by virtually all prisoner litigants and thus, by definition, do not qualify as circumstances of the sort that warrant appointment of counsel. Nor is it apparent that Petitioner either has a colorable claim or lacks the ability to present any such claim. Petitioner has not demonstrated good cause for the appointment of counsel, nor has he shown that justice requires the appointment of counsel. The request is denied. Given that the application to proceed in forma pauperis was filed in an effort to secure a court appointed attorney, and given that such an appointment is not warranted, the application to proceed in forma pauperis is likewise denied.

## **Conclusion**

For the reasons set forth above, the Petition should be denied. Neither the appointment of counsel, nor an evidentiary hearing, nor discovery are warranted in this matter.

**IT IS THEREFORE ORDERED** that Petitioner's motion to appoint counsel (Docket Entry 8) and application to proceed in forma pauperis in support thereof (Docket Entry 9) be **DENIED**.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 4) be **GRANTED**, that the Petition (Docket Entry 1) be **DENIED**, and that Judgment be entered dismissing this action.

_____
**Joe L. Webster**
**United States Magistrate Judge**

June 3, 2019
Durham, North Carolina

12

Case 1:18-cv-00933-LCB-JLW   Document 12   Filed 06/03/19   Page 12 of 12